UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
J.A., A Minor, by her parent and natural guardian,     25 CV 4257 (FB) (CLP)
SHANEEKA BLANDING, and SHANEEKA
BLANDING, individually,     **AMENDED COMPLAINT**

               Plaintiffs,

    -against-     JURY DEMAND

THE CITY OF NEW YORK, P.O. DAVID
GORDON [TAX REG. #941840], SB TEAM
BROOKLYN LLC D/B/A SMASHBURGER,
P.O. DWIGHT COLE [TAX REG. #959559],
P.O. THOMAS BARRY [TAX REG. #975992],
P.O. SHASKI DALRYMPLE [TAX REG. #977504],
SERGEANT STEPHANIE MALVICA
[TAX REG. #967179] and SERGEANT KATHERINE
CALAMBAS [TAX REG. #956474], and JOHN DOE
AND JANE DOE (the names John and Jane Doe being
fictitious, as the true names are presently unknown),

               Defendants.
------------------------------------------------------------X

Plaintiffs, J.A., A Minor, by her parent and natural guardian, SHANEEKA BLANDING, and SHANEEKA BLANDING, individually, by their attorney, Law Office of PHILIP AKAKWAM, P.C., complaining of the defendants herein, The City of New York, P.O. David Gordon [Tax Reg. #941840], SB Team Brooklyn d/b/a Smashburger, P.O. Dwight Cole [Tax Reg. #959559], P.O. Thomas Barry [Tax Reg. #975992], P.O. Shaski Dalrymple [Tax Reg. #977504], Sergeant Stephanie Malvica [Tax Reg. #967179] and Sergeant Katherine Calambas [Tax Reg. #956474], and John and Jane Doe (collectively, "defendants"), respectfully allege as follows:

<u>NATURE OF THE ACTION</u>

1.     This is an action at law to redress the deprivation of rights secured to the plaintiffs under color of statute, ordinance, regulation, custom, and/or to redress the deprivation of rights, privileges, and immunities secured to the plaintiffs by the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to

the Constitution of the United States, and by Title 42 U.S.C. § 1983, and arising under the law and statutes of the City and State of New York.

## JURISDICTION

2. The jurisdiction of this Court is invoked pursuant to 42 U.S.C. § 1983, 28 U.S.C. § 1343, 28 U.S.C. § 1331 and 28 U.S.C. § 1367, and under the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

3. As the deprivation of rights complained of herein occurred within the Eastern District of New York, venue is proper in this district pursuant to 28 U.S.C. § 1391 (b) and (c).

## COMPLIANCE WITH N.Y. GEN. MUN. LAW REQUIREMENTS

4. Plaintiffs timely made and served their notice(s) of claim in compliance with N.Y. Gen. Mun. Law §50-e.

5. At least thirty days have elapsed since the service of aforesaid notice(s) of claim and adjustment or payment thereof has been neglected or refused, and this action is timely commenced.

## THE PARTIES

6. Plaintiffs are and were at all times material herein residents of Brooklyn, County of Kings, City and State of New York.

7. Defendant City of New York ("City") is a municipal corporation duly organized and existing under the laws of the State of New York.

8. The City of New York Police Department ("NYPD") is an agency of defendant City, and all officers referred to herein were at all times relevant to this complaint employees and agents of defendant City.

9. Defendant P.O. David Gordon [Tax Reg. #941840] was at all times material herein a police officer employed by the NYPD. He is named here in his official and individual capacities.

10. Defendant P.O. Dwight Cole [Tax Reg. #959559] was at all times material herein a police officer employed by the NYPD. He is named here in his official and individual capacities.

11. Defendant P.O. Thomas Barry [Tax Reg. #975992] was at all times material herein a police officer employed by the NYPD. He is named here in his official and individual capacities.

12. Defendant P.O. Shaski Dalrymple [Tax Reg. #977504] was at all times material herein a police officer employed by the NYPD. He is named here in his official and individual capacities.

13. Defendant Sergeant Stephanie Malvica [Tax Reg. #967179] was at all times material herein a Sergeant and/or police officer employed by the NYPD. She is named here in her official and individual capacities.

14. Defendant Sergeant Katherine Calambas [Tax Reg. #956474] was at all times material herein a sergeant and/or police officer employed by the NYPD. She is named here in her official and individual capacities.

15. Defendant SB Team Brooklyn d/b/a Smashburger ("Smashburger") was, upon information and belief, and still is a domestic limited liability company licensed, authorized and existing under and by virtue of the laws, statutes and charters of the State of New York.

16. Defendants John Doe and Jane Doe were at all times material herein individuals employed by Smashburger. They are named here in their official and individual capacities.

17. Defendants Gordon, Cole, Barry, Dalrymple, Malvica and Calambas are collectively referred to herein as "defendant officers".

18. Defendants Smashburger and John Doe are collectively referred to herein as "Smashburger defendants".

19. At all times material to this Complaint, the defendant officers and Smashburger defendants acted toward plaintiffs under color of the statutes, ordinances, customs, and usage of the State and City of New York.

FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

20. On or about July 31, 2024, at approximately 4:30 p.m., defendant officers and Smashburger defendants, acting in concert, arrested J.A. and unreasonably detained the plaintiffs for a lengthy period of time thereafter.

21. Plaintiffs, however, did not commit any offense against the laws of New York City and/or State for which any arrest may be lawfully made.

22. Prior to the arrest, J.A., who is a sprinter, was out practicing when her friend, A.W., decided to buy a sandwich from Smashburger defendants' store located at 74 Dekalb Avenue, Brooklyn, New York ("store").

23. After they entered the store, A.W. began to place her order with defendant John Doe, who is or was a store clerk ("defendant store clerk").

24. As A.W. was placing her order, J.A. went over to the water fountain located inside the store and refilled her water bottle with free water from the water fountain.

25. Because A.W. was uncomfortable with the defendant store clerk's service, she later cancelled her order.

26. Shortly thereafter, J.A. and A.W. left the store and entered a nearby store, Heavenly Market, which is located right next to the store at 80 Dekalb Avenue, Brooklyn, New York ("Heavenly Market").

27. Immediately thereafter, defendant store clerk entered the Heavenly Market and proceeded to forcibly remove J.A.'s water bottle from her backpack without any notice or warning causing J.A. to be alarmed and frightened.

28. Thereafter, defendant store clerk ran back to the store.

29. When J.A. and A.W. attempted to return to the store to retrieve J.A.'s water bottle, they realized that the store was locked.

30. They observed defendant store clerk waving J.A.'s water bottle around and mocking and taunting J.A.

31. Defendant store clerk refused J.A. and A.W.'s entreaties to return the water bottle.

32. As a result, J.A. was forced to call her mother, plaintiff Shaneeka Blanding, who later came to the scene with J.A.'s grandmother, Sandra Blanding.

33. After attempting to speak with defendant store clerk without success, plaintiffs contacted 911 and filed a complaint.

34. After a period of time, defendant officers appeared at the scene.

35. When plaintiffs informed defendant officers that they would like to file a complaint against the Smashburger defendants, they were warned by defendant officers not to file any complaint.

36. Defendant officers insisted that the Smashburger defendants would file a counter complaint against J.A. and that she would be arrested should the plaintiffs file their complaint.

37. Plaintiffs filed a complaint against defendant store clerk and/or the Smashburger defendants.

38. Immediately thereafter, defendant officers met with defendant store clerk.

39. Upon information and belief, defendant officers and the Smashburger defendants agreed during this meeting to arrest J.A.

40. Following their meeting with defendant store clerk, defendant officers forcibly grabbed J.A. and tightly placed her in handcuffs.

41. Defendant officers subjected J.A. to an illegal and unlawful search.

42. Defendant officers' illegal search of J.A. did not yield any contraband.

43. When plaintiffs inquired as to the reason for the arrest, defendant officers warned them not to complain stating that they were warned about the consequences of filing a complaint against defendant store clerk and/or the Smashburger defendants.

44. Upon information and belief, defendant officers also arrested defendant store clerk.

45. Eventually, defendant officers forcibly placed J.A. inside their police vehicle and transported her to NYPD-88th Precinct.

46. Because the handcuffs were too tight and were causing J.A. to experience pain and numbness, she complained and pleaded with defendant officers to remove or loosen the handcuffs.

47. Defendant officers ignored J.A.'s entreaties to remove or loosen the handcuffs.

48. Plaintiff J.A. was caused to sustain cuts and bruises on her wrists.

49. While at the precinct, defendant officers further subjected J.A. to an illegal and unlawful search.

50. Defendant officers' illegal search of J.A. did not yield any contraband.

51. Eventually, after detaining J.A. at the precinct for a lengthy period of time, defendant officers released her from her unlawful detention.

52. Each and every officer who responded to and/or was present at the location of the arrest(s) and at the precinct and/or station house knew and was fully aware that the plaintiffs did not commit any crime or offense, and had a realistic opportunity to intervene to prevent the harm detailed above from occurring.

53. Nonetheless, defendants did absolutely nothing to discourage and prevent the harm detailed above from occurring and failed to protect and ensure the safety of the plaintiffs.

54. As a result of the aforesaid actions by defendants, plaintiffs suffered and continue to suffer emotional distress, fear, embarrassment, humiliation, shock, discomfort, loss of rights to familial association, loss of liberty, wages and financial losses, loss of consortium, pain and damage, and damage to reputation.

FIRST CAUSE OF ACTION: FALSE ARREST - against defendant officers and the Smashburger defendants

55. By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 49 of this complaint as though fully set forth herein.

56. The conduct of defendant officers and the Smashburger defendants, as described herein, amounted to false arrest.

57. Such conduct described herein violated plaintiffs' rights under 42 U.S.C. § 1983 and the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

58. Consequently, plaintiffs have been damaged and hereby demand compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

SECOND CAUSE OF ACTION: UNREASONABLE DETENTION - against defendant officers

59. By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 53 of this complaint as though fully set forth herein.

60. Defendant officers denied plaintiffs their due process right to be free from continued detention after it was or should have been known that the plaintiffs were entitled to release.

61. The conduct of defendant officers, as described herein, amounted to unreasonable detention.

62. Such conduct described herein violated plaintiffs' rights under 42 U.S.C. § 1983 and the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

63. Consequently, plaintiffs have been damaged and hereby demand compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

THIRD CAUSE OF ACTION: UNREASONABLE SEARCH & SEIZURE - against defendant officers

64. By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 58 of this complaint as though fully set forth herein.

65. Defendant officers subjected J.A. to unreasonable search & seizure.

66. Such conduct described herein violated plaintiffs' rights under 42 U.S.C. § 1983 and the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

67. Consequently, plaintiffs have been damaged and hereby demand compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

FOURTH CAUSE OF ACTION: FIRST AMENDMENT RETALIATION - against defendant officers and the Smashburger defendants

68. By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 62 of this complaint as though fully set forth herein.

69. Defendant officers and the Smashburger defendants assaulted and arrested the plaintiffs for questioning their conduct on July 31, 2024.

70. Such conduct described herein violated plaintiffs' rights under 42 U.S.C. § 1983 and the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

71. Consequently, plaintiffs have been damaged and hereby demand compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

FIFTH CAUSE OF ACTION: DENIAL OF RIGHT TO INTIMATE FAMILIAL ASSOCIATION - against defendant officers and the Smashburger defendants

72. By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 66 of this complaint as though fully set forth herein.

73. Defendant officers and the Smashburger defendants intentionally arrested J.A. in order to separate her from her family.

74. Such conduct described herein violated plaintiffs' rights under 42 U.S.C. § 1983 and the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

75. Consequently, plaintiffs have been damaged and hereby demand compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

SIXTH CAUSE OF ACTION: EXCESSIVE USE OF FORCE - against defendant officers

76. By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 70 of this complaint as though fully set forth herein.

77. Defendant officers purposely or knowingly used unreasonable force against J.A.

78. There was no legitimate governmental interest in defendant officers' unnecessary and wanton infliction of pain and suffering upon J.A.

79. The conduct of defendant officers, as described herein, amounted to excessive use of force.

80. Such conduct described herein violated J.A.'s rights under 42 U.S.C. § 1983 and the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

81. Consequently, plaintiffs have been damaged and hereby demand compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

SEVENTH CAUSE OF ACTION: CONSPIRACY - against defendant officers and the Smashburger defendants

82. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 76 of this complaint as though fully set forth herein.

83. In an effort to find fault to use against J.A. who is black, defendant officers and the Smashburger defendants met with themselves and with several other individuals on numerous occasions and agreed to deprive J.A. of her constitutional rights secured by 42 U.S.C. § 1983 and the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

84. Such conduct described herein violated plaintiffs' rights under 42 U.S.C. § 1983 and the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

85. Consequently, plaintiffs have been damaged and hereby demand compensatory and punitive damages in an amount to be proven at trial against each of defendant officers, individually and severally.

EIGHTH CAUSE OF ACTION: FAILURE TO INTERVENE - against defendant officers

86. By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 80 of this complaint as though fully set forth herein.

87. That each and every officer and/or individual who responded to, had any involvement and/or was present at the location of the arrest, assault and/or incident described herein knew and was fully aware that plaintiffs did not

commit any crime or offense, and had a realistic opportunity to intervene to prevent the harm detailed above from occurring.

88. Nonetheless, defendant officers did absolutely nothing to discourage and prevent the harm detailed above from occurring and failed to intervene.

89. Such conduct described herein violated plaintiffs' rights under 42 U.S.C. § 1983 and the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

90. Consequently, plaintiffs have been damaged and hereby demand compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

NINTH CAUSE OF ACTION: FAILURE TO TRAIN/SUPERVISE/DISCIPLINE/SCREEN AND MUNICIPAL POLICY - against defendant City

91. By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 85 of this complaint as though fully set forth herein.

92. Defendant City, acting through NYPD, had actual and/or de facto policies, practices, customs and/or usages of arresting individuals for filing complaints against other individuals and has failed to properly train, supervise or discipline its police officers concerning correct practices in conducting investigations, the use of force, interviewing of witnesses and informants, assessment of the credibility of witnesses and informants, reasonable search of individuals and/or their properties, obligation not to promote or condone perjury and/or assist in the prosecution of innocent persons and obligation to effect an arrest only when probable cause exists for such arrest.

93. In addition, the City, acting through aforesaid NYPD, had actual and/or de facto policies, practices, customs and/or usages of wrongfully arresting, illegally frisking, searching, seizing, abusing, humiliating, degrading and/or maliciously prosecuting individuals who are members of racial/ethnic minority groups, such as plaintiff, on the pretext that they were involved in crimes.

94. The existence of the aforesaid unconstitutional policies, practices, customs and/or usages may be inferred from repeated occurrences of similar wrongful conduct.

95. For example, in *Floyd v. City of New York*, 813 F. Supp. 2d 417, 422 (S.D.N.Y. 2011), the court observed that defendant City had been accused of racial profiling on multiple occasions and that it had settled at least one of the lawsuits brought against it concerning racial profiling.

96. In *Ligon v. City of New York*, 925 F. Supp. 2d 478 (S.D.N.Y. 2013), the court determined that defendant City, acting through the NYPD, engages in unlawful conduct. *See also Davis v. City of New York*, 959 F. Supp. 2d 324 (S.D.N.Y. 2013) (same).

97. Notably, numerous civil rights complaints filed in this district and other courts have similarly alleged that many of the police officers involved in this case, including the defendant officers, routinely manufacture evidence of criminality against individuals who are members of racial/ethnic minority groups, such as the plaintiff, in order to arrest and/or maliciously prosecute them. *See, e.g., Joyce Webster v. City of New York* (Index No. 525283/2024); *Dora Jenkins v. City of New York* (Index No. 519307/2023), *David Owens v. City of New York* (Case No. 15 CV 8214).

98. Defendant City has settled numerous lawsuits in this district against several police officers assigned to the NYPD-88th Precinct alleging, among other things, that the police officers unlawfully frisked and falsely arrested, and/or maliciously prosecuted the plaintiffs without probable cause.

99. Despite the numerous complaints of civil rights violations described hereinabove, there has been no meaningful attempt on the part of defendant City to forestall further incidents and/or even to investigate claims that police routinely fabricate evidence, arrest innocent citizens without probable cause, and use excessive force in the arrest of innocent citizens.

100. As a result of defendant City's failure to properly train, supervise or discipline its police officers, defendant officers unlawfully arrested the plaintiff, incarcerated her, and abused and/or assaulted the plaintiff.

101. Defendant City maintained the above-described policies, practices, customs or usages knowing fully well that the policies, practices, customs or usages lead to improper conduct by its police officers and employees. In failing to take any corrective actions, defendant City acted with deliberate indifference, and its failure was a direct and proximate cause of plaintiff's injuries as described herein.

102. The actions of defendants, acting under color of State law, deprived plaintiff of her due process rights, and rights, remedies, privileges, and immunities under the laws and Constitution of the United States, treatise, ordinances, customary international law and norms, custom and usage of a right; in particular, the right to be secure in their person and property, to be free from abuse of process, the excessive use of force and the right to due process.

103. By these actions, defendants have deprived plaintiffs of rights secured by treatise, ordinances, customary international law and norms, custom and usage of a right, and the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. § 1983.

TENTH CAUSE OF ACTION: NEW YORK STATE CONSTITUTION, ARTICLE I, §§ 5, 6, 8, 11, & 12 - against defendants

104. By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 98 of this complaint as though fully set forth herein.

105. By reason of the foregoing, and by arresting, detaining and/or imprisoning plaintiffs without probable cause or reasonable suspicion, forcibly entering into their home without any warrant or authority, subjecting the plaintiffs and their properties to unreasonable searches and seizures, and harassing and assaulting them and depriving them of due process and equal protection of laws, defendants deprived plaintiffs of rights, remedies, privileges, and immunities guaranteed to every New Yorker by Article I, § 5 (prohibiting cruel and unusual punishments), Article 1, § 6 (providing for due process), Article 1, § 8 (guaranteeing freedom of speech), Article 1, § 11 (prohibiting discrimination in civil rights and providing for equal protection of laws) &

Article I, § 12 (prohibiting unreasonable searches & seizures) of the New York Constitution.

106. In addition, the individual officers conspired among themselves and conspired with other individuals to deprive plaintiffs of their constitutional rights secured by Article I, §§ 5, 6, 8, 11, & 12 of the New York Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

107. The individual officers acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employments as officers, agents, or employees. The individual officers' acts were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers. The individual officers acted willfully, knowingly, and with the specific intent to deprive plaintiffs of their constitutional rights secured by Article I, §§ 5, 6, 8, 11 & 12 of the New York Constitution.

108. Defendants, their officers, agents, servants, and employees were responsible for the deprivation of plaintiffs' state constitutional rights.

ELEVENTH CAUSE OF ACTION: TORTS (FALSE ARREST/IMPRISONMENT) - against defendants

109. By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 103 of this complaint as though fully set forth herein.

110. The conduct of the defendants, as described herein, amounted to false arrest/imprisonment.

111. Consequently, plaintiffs have been damaged and hereby demand compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

TWELFTH CAUSE OF ACTION: TORTS (ASSAULT AND BATTERY) - against defendants

112. By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 106 of this complaint as though fully set forth herein.

113. By reason of and as a consequence of the conduct of defendant officers and the Smashburger defendants, J.A. sustained injuries with the accompanying pain.

114. The conduct of the defendants, as described herein, amounted to assault and battery.

115. Consequently, plaintiffs have been damaged and hereby demand compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

THIRTEENTH CAUSE OF ACTION: TORTS (NEGLIGENT AND INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS) - against defendants

116. By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 110 of this complaint as though fully set forth herein.

117. The defendants engaged in extreme and outrageous conduct, intentionally and recklessly causing severe emotional distress to plaintiffs.

118. Plaintiffs' emotional distress has damaged their personal and professional life because of the severe mental pain and anguish which were inflicted through deliberate and malicious actions including the arrest, assault, detention and imprisonment by defendants.

119. Consequently, plaintiffs have been damaged and hereby demand compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

FOURTEENTH CAUSE OF ACTION: NEW YORK CITY ADMINITRATIVE CODE §§ 8-802, 8-803- against defendants

120. By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 114 of this complaint as though fully set forth herein.

121. By reason of the foregoing, and by arresting, detaining and/or imprisoning plaintiffs without probable cause or reasonable suspicion, forcibly entering into their home without any warrant or authority, subjecting the plaintiffs and their properties to unreasonable searches and seizures, and harassing and assaulting them and depriving them of due process and equal protection of

laws, defendants deprived plaintiffs of rights, remedies, privileges, and immunities provided under N.Y.C. Admin. Code §§ 8-802 and 8-803.

122. Consequently, plaintiffs have been damaged and hereby demand compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

FIFTEENTH CAUSE OF ACTION: NEGLIGENT HIRING AND RETENTION OF EMPLOYMENT SERVICES - against defendants City and Smashburger

123. By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 117 of this complaint as though fully set forth herein.

124. Upon information and belief, defendants City and Smashburger failed to properly train, supervise or discipline its agents, servants, employees, officers and/or representatives, including the defendant officers and defendant store clerk, concerning, among other things, correct practices in conducting investigations, the proper identification procedures, the proper use of force, obligation not to promote or condone perjury and/or assist in the prosecution of innocent persons and obligation to effect an arrest only when probable cause exists for such arrest.

125. Upon information and belief, defendants City and Smashburger failed to properly screen, hire and/or retain the defendant officers and defendant store clerk.

126. Upon information and belief, defendants City and Smashburger, through their various agencies and departments including the defendants in this action, owed a duty of care to plaintiffs to prevent the physical and mental abuse sustained by plaintiffs.

127. Upon information and belief, defendants City and Smashburger, through their various agencies and departments including the defendants in this action, owed a duty of care to plaintiffs because under the same or similar circumstances a reasonable, prudent and careful person should have anticipated that an injury to plaintiffs or to those in a like situation would probably result from such conduct described herein.

128. Upon information and belief, defendants City and Smashburger knew or should have known through the exercise of reasonable diligence that defendant officers and defendant store clerk were not prudent and were potentially dangerous.

129. Upon information and belief, defendants City and Smashburger's negligence in screening, hiring, and retaining defendant officers and defendant store clerk proximately caused plaintiffs' injuries.

WHEREFORE, plaintiffs respectfully pray judgment as follows:

a. For compensatory damages against all defendants in an amount to be proven at trial;

b. For exemplary and punitive damages against all defendants in an amount to be proven at trial;

c. For costs of suit herein, including plaintiffs' reasonable attorney's fees; and;

d. For such other and further relief as the court deems proper.

DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 (b) of the Federal Rules of Civil Procedure, plaintiffs demand a trial by jury.

Dated: Brooklyn, New York
February 11, 2026

/s/ Philip Akakwam
Law Office of Philip Akakwam, P.C
Attorney for the Plaintiffs
303 Livingston Street, 2nd Floor
Brooklyn, N.Y. 11217
Tel. No: (718) 858-248845
Fax No: (718) 858-2489
Email: pakakwam@gmail.com